Roberto A. Rivera-Soto (# 004561984)
**BALLARD SPAHR LLP**
210 Lake Drive East – Suite 200
Cherry Hill, New Jersey 08002-1163
Tel. (856) 761-3400
riverasotor@ballardspahr.com

*Attorneys for removing defendants Wallenius Wilhelmsen Logistics AS, a/k/a Wallenius Wilhelmsen Ocean AS, and Wallenius Wilhelmsen Logistics Americas, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCEDES-BENZ USA, LLC<br><br>　　　　　Plaintiff,<br>　　v.<br><br>NIPPON YUSEN KABUSHIKI KAISHA, NYK LINE (NORTH AMERICA) INC., NYK BULKSHIP (USA) INC., WALLENIUS WILHELMSEN LOGISTICS AS, a/k/a WALLENIUS WILHELMSEN OCEAN AS, WALLENIUS WILHELMSEN LOGISTICS AMERICAS, LLC, MITSUIR O.S.K. BULK SHIPPING (USA), LLC, KAWASAKI KISEN KAISHA, LTD., and "K" LINE AMERICA, INC.,<br><br>　　　　　Defendants. | Civil Action No. 2:18-cv-_____ |

### NOTICE OF REMOVAL

**TO:**   Clerk of the United States District Court for the District of New Jersey

　　　　**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441

and 1446, defendants Wallenius Wilhelmsen Logistics AS, a/k/a Wallenius Wilhelmsen Ocean

AS, and Wallenius Wilhelmsen Logistics Americas, LLC (collectively, the "removing defendants") hereby remove this action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey. In support of this notice of removal, removing defendants state as follows:

1. Plaintiff Mercedes-Benz USA, LLC commenced this action on August 30, 2018, by filing a complaint in the Superior Court of the State of New Jersey, Law Division, Bergen County, indexed under Docket No. BER-L-6325-18.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complaint is attached hereto as **Exhibit "A"** and is made a part hereof by reference.

3. The District of New Jersey, Newark Vicinage is the district and division within which this action originally was filed.

## FEDERAL QUESTION JURISDICTION

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because it arises under the Constitution, laws, or treaties of the United States.

5. Specifically, contemporaneous with the filing of the complaint, plaintiff filed an arbitration demand with the Society of Maritime Arbitrators; a true and correct copy of the arbitration demand is attached hereto as **Exhibit "B"** and is made a part hereof by reference.

6. Pursuant to ¶ 11 of the arbitration demand, plaintiff and defendant Wallenius Wilhelmsen Logistics AS, a/k/a Wallenius Wilhelmsen Ocean AS ("WWL") entered into a written contract that provides that it "shall be subject to the U.S. Shipping Act of 1984, as amended[.]"

7. Moreover, Congress passed the Shipping Act of 1984, 46 U.S.C. § 40101, *et seq.*, as the exclusive remedy for the harms alleged by plaintiffs. *See* Report of the House Committee

on Merchant Marine and Fisheries, H.R.Rep. No. 98–53, pt. 1, at 12 (1983), reprinted in 1984 U.S.C.C.A.N. 167, 177 ("To avoid the uncertainty created by the vagueness of the 1916 Shipping Act, the Committee intends that violations of this Act not result in the creation of parallel jurisdiction over persons or matters which are subject to the Shipping Act of [1984]; the remedies and sanctions provided in the Shipping Act of [1984] will be the exclusive remedies and sanctions for violations of the Act.") (emphasis supplied).  As the United States Court of Appeals for the Third Circuit held in parallel proceedings, "Congress created specific enforcement mechanisms for persons and entities injured" for the type of harms alleged by plaintiffs in the Shipping Act, which "provide[s] a means for private parties injured ... to seek relief ranging from double damages and attorneys' fees to injunctions." *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 86 (3d Cir. 2017).  Accordingly, petitioners purported state law claims are completely preempted. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 9, (2003) (holding the "dispositive question" for complete preemption is whether Congress provided an "exclusive cause of action" for the harms alleged).

8. Therefore, this Court has original federal question jurisdiction over this action.

### DIVERSITY OF CITIZENSHIP JURISDICTION

9. Pursuant to 28 U.S.C. § 1332(a), this Court also has original diversity jurisdiction over this action because (a) there is complete diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.

10. As of the time this action was filed, plaintiff was a Delaware limited liability company, Compl. ¶ 5, that maintains its principal place of business in Sandy Springs, Georgia. *See* Mar. 15, 2018 press release, "Mercedes-Benz USA Celebrates Grand Opening of New

Headquarters, *available at* https://www.media.mbusa.com/releases/mercedes-benz-usa-celebrates-grand-opening-of-new-headquarters?bookmark=g1AAAALjeJyV0k9KxDAY BfDguBAcXejGnb1Ay0v6Z0I39hBZzWamaQszsbYgI7Mcb6I30ZvoTWraQKeUUOzmC4Hw4 _HllYSQq90iJ04us_q1SHIZeMd9kT0D1MvK-i1Pq4NXFYdSv7xIiXxsmkZ1lxc9Hhgod-G7DIL5MVgMeADW6VL9n5WOnvLJJocuqKCrGLyXb0dyOCUnrbyxy4wJqjOjl6_nZN628sk mBy4LRBe4l-9GcjQhV5d6knd9aPzDtuuVYJjSpzZi9E-jf1myIxSUD3_yZrb-bfQfS3bKBY2G2ef0xOi_RrftHX7bleDclXul_gDYEsd5&firstResultIndex=48&sortOrder=Publi shedDescending. To the extent plaintiff asserts that "during all relevant times, MBUSA's principal place of business was located in Montvale, New Jersey[,]" Compl. ¶5, that assertion is legally irrelevant; diversity of citizenship jurisdiction is gauged as the time the action is filed. *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567 (2004); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991). And, as a limited liability company, plaintiff's citizenship is determined by the citizenship of each of its individual members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419, 421 (3d Cir. 2010)

11. On information and belief, plaintiff's sole member is Daimler North America Corporation ("DNAC"), and DNAC is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business in Farmington Hills, Michigan; DNAC is a subsidiary of Daimler AG, a publicly held German *Aktiengesellschaft*, that maintains its principal place of business in Stuttgart, Germany. *See* Defendant Mercedes-Benz USA, LLC's corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1, docketed in *Ponzio, et al. v. Mercedes-Benz USA, LLC, et al.*, Civil Action No. 1:18-cv-12544-JHR-JS, District of New Jersey; Corporate Disclosure Statement, docketed in *In re Takata Airbag Prods. Liab. Litig.*,

MDL No. 2599 (JPML Apr. 6, 2018); *Beacon Navigation GmbH v. Chrysler Grp. LLC*, Civil Action No. 11-cv-921 (GMS), 2013 U.S. Dist. LECIS 38437 (D. Del. Mar. 20, 2013).

12. Removing defendant WWL is a privately held company organized and existing under the laws of Norway, and maintains its principal place of business in Lysaker, Norway. Compl. ¶ 7.

13. Removing defendant Wallenius Wilhelmsen Logistics Americas LLC is a privately held limited liability company, wholly owned by removing defendant WWL. Removing defendant Wallenius Wilhelmsen Logistics Americas LLC is pled only as a nominal defendant -- as "an agent of [WWL]" -- lacks "a real interest in the litigation" and therefore, at most, it is a "nominal party" to the case. In determining whether there is diversity jurisdiction, a court considers only the citizenship of defendants who are "real and substantial parties to the controversy" and "must disregard nominal or formal parties[.]" *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460, 461 (1980). *Accord Bumberger v. Ins. Co. of N. Am.*, 952 F.2d at 767 (holding that diversity jurisdiction analysis must be based only on citizenship of parties with "a real interest in the litigation").

14. According to the complaint,

> Nippon Yusen Kabushiki Kaisha is a company with its principal place of business in Tokyo, Japan. On information and belief, NYK Line (North America) Inc. is an agent of Nippon Yusen Kabushiki Kaisha. NYK Line (North America) Inc. is incorporated in Delaware, and its principal place of business is Secaucus, New Jersey. On information and belief, NYK Bulkship (USA) Inc. is an agent of Nippon Yusen Kabushiki Kaisha. NYK Bulkship (USA) Inc. is incorporated in Delaware, and its principal place of business is Secaucus, New Jersey.

> [Compl. ¶ 6.]

15. As required by 28 U.S.C. § 1446(b)(2), defendants Nippon Yusen Kabushiki Kaisha, NYK Line (North America) Inc., and NYK Bulkship (USA) Inc. consent to the removal of this action.

16. According to the complaint,

> Mitsui O.S.K. Lines, Ltd. is a company with its principal place of business in Tokyo, Japan. On information and belief, Mitsui O.S.K. Bulk Shipping (USA), LLC is an agent of Mitsui O.S.K. Lines, Ltd. Mitsui O.S.K. Bulk Shipping (USA), LLC is incorporated in (sic) Delaware law, and its principal place of business is Woodbridge, New Jersey.

[Compl. ¶ 8.]

17. As required by 28 U.S.C. § 1446(b)(2), defendants Mitsui O.S.K. Lines, Ltd. and Mitsui O.S.K. Bulk Shipping (USA), LLC consent to the removal of this action.

18. Also according to the complaint,

> Kawasaki Kisen Kaisha, Ltd. is a company with its principal place of business in Tokyo, Japan. On information and belief, "K" Line America, Inc. is an agent of Kawasaki Kisen Kaisha, Ltd. "K" Line America, Inc. is incorporated in Michigan, and its principal place of business is Glen Allen, Virginia.

[Compl. ¶ 9.]

19. As required by 28 U.S.C. § 1446(b)(2), defendants Kawasaki Kisen Kaisha, Ltd. and "K" Line America, Inc. consent to the removal of this action.

20. There is complete diversity between plaintiff, on the one side, and defendants, on the other.

B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

21. Although neither the complaint nor the arbitration demand allege an amount in controversy, plaintiff alleges that "[e]ach [d]efendant, directly or through its corporate parent or affiliates, has admitted that it participated in the illegal conspiracy and agreed to pay substantial

fines (including criminal fines) relating to their involvement in the unlawful enterprise." Compl. ¶ 2. Plaintiff further alleges that defendants all paid fines in the tens of millions of dollars. Compl. *passim*.

22.     Plaintiff seeks relief (a) under the New Jersey Antitrust Act, N.J.S.A. 56:9-1, et seq. (including compensatory, treble and punitive damages); (2) for breach of contract (including compensatory damages), and (3) for tortious interference (including compensatory and punitive damages).

23.     Therefore, the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[,]" as required by 28 U.S.C. §1332(a).

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

24.     This notice of removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days of acceptance of service of the complaint by removing defendants.

25.     To the extent required by 28 U.S.C. § 1446(b)(2)(A), and as noted in paragraphs 15, 17 and 19, above, removing defendants have been advised that each of defendants Nippon Yusen Kabushiki Kaisha, NYK Line (North America) Inc., and NYK Bulkship (USA) Inc. ("NYK defendants"), defendants Mitsui O.S.K. Lines, Ltd. and Mitsui O.S.K. Bulk Shipping (USA), LLC ("MOL defendants"), and ), defendants Kawasaki Kisen Kaisha, Ltd. and "K" Line America, Inc. ("'K' Line defendants") consents to the removal of this action.

26.     Removing defendants appear solely for the purpose of removal and for no other purpose, and each reserves all defenses available to them.

27.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, and is being served on plaintiff.

28. Removing defendants reserve the right to amend or supplement this notice of removal.

**WHEREFORE,** notice is hereby given that the above action is hereby removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

*/s/ Roberto A. Rivera-Soto*
Roberto A. Rivera-Soto (# 004561984)
**BALLARD SPAHR LLP**
210 Lake Drive East – Suite 200
Cherry Hill, New Jersey 08002-1163
Tel. (856) 761-3400
riverasotor@ballardspahr.com

*Attorneys for removing defendants*
*Wallenius Wilhelmsen Logistics AS, a/k/a*
*Wallenius Wilhelmsen Ocean AS, and*
*Wallenius Wilhelmsen Logistics Americas, LLC*

**DATED:** September 11, 2018

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on this date, the foregoing notice of removal was filed electronically via the Court's CM/ECF filing system.

I hereby further certify that, as part of a notice of filing of notice of removal, a true and correct copy of the foregoing notice of removal will be filed electronically with the Deputy Clerk of Superior Court, Bergen County Justice Center, Room 115, 10 Main Street, Hackensack, New Jersey 07601-7699.

I hereby further certify that, as part of a notice of filing of notice of removal, a true and correct copy of the foregoing notice of removal was served on plaintiff Mercedes-Benz USA, LLC by delivering the same to its counsel, Thomas J. Herten, Esq. and Nicole G. McDonough, Esq., Archer & Greiner, P.C., 21 Main Street – Suite 353, Court Plaza South – West Wing, Hackensack, New Jersey 07601.

I hereby further certify, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct as stated. I am aware that, if any of the foregoing statements made by me is willfully false, I am subject to punishment.

                                         /s/ Roberto A. Rivera-Soto

**DATED:**     September 11, 2018